UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL L. WALDON, #632025,

    Petitioner,

v.

                                     CASE NO. 2:23-CV-13057
                                     HON. JONATHAN J.C. GREY

CATHERINE BAUMAN,

    Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

This a *pro se* habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Darryl L. Waldon[1] ("Petitioner"), confined at the Alger Correctional Facility in Munising, Michigan, was convicted of second-degree murder, two counts of assault with intent to commit murder, and three counts of possession of a firearm during the commission of a felony following a jury trial in the Macomb County Circuit Court. He was sentenced to 31 years 3 months to 50 years in prison on the murder conviction, concurrent terms of 15 to 30 years in prison on the assault convictions, and concurrent terms of 2 years in prison on the felony firearm convictions, to be served consecutively to the other sentences, in 2007. *See*

---

[1] In some cases, including his direct state appeals and his prior federal habeas case, Petitioner's first name is spelled "Daryl."

Michigan Department of Corrections Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=632025. In his pleadings, he raises seven sentencing claims. ECF No. 1.

Petitioner, however, has previously filed a federal habeas petition challenging the same convictions and sentences at issue in this case, which was denied on the merits. *See Waldon v. Burt*, No. 12-CV-14649, 2014 WL 840276 (E.D. Mich. March 4, 2014) (Drain, J.). The United States Court of Appeals for the Sixth Circuit also denied a certificate of appealability. *See Waldon v. Burt*, No. 14-1406 (6th Cir. Sept. 24, 2014).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" federal habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner has neither sought nor obtained appellate authorization to file a second or successive federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, the Court concludes that it must transfer this case to the Sixth Circuit.

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631[2] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

s/ David R. Grand<br>
DAVID R. GRAND<br>
United States Magistrate Judge

Dated: January 19, 2024

---

[2] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.